IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTONIO D. FLETCHER-BEY,**

        **Petitioner,**

**v.**                                          **Case No. 17-cv-0543-DRH**

**MICHAEL P. MELVIN,**

        **Respondent.**

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner,[1] currently incarcerated in Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 requesting that the Court reverse his state court conviction because the state did not prove an element of the crime beyond a reasonable doubt, or in the alternative, grant him a new trial, or reduce his sentence because the parole statute in effect at the time was ambiguous. (Doc. 1, p. 19).

Petitioner was sentenced to 28 years' imprisonment on January 30, 2007 for aggravated kidnapping in violation of 720 ILCS 5/10-2(a)(3) after a jury trial. (Doc. 1, pp. 1-2). He appealed on the ground that his waiver of counsel was not voluntary; the appellate court denied his petition on May 19, 2009 and his petition for rehearing on July 27, 2009. (Doc. 1, p. 2). The Illinois Supreme

---

[1] Petitioner has consistently identified himself in this case as "Antonio Fletcher-Bey" but Illinois Department of Corrections records and records in this Court indicate that he is also known as "Antonio Fletcher."

1

Court denied his petition for leave to appeal on November 25, 2009. (Doc. 1, p. 3). Petitioner filed a motion seeking post-conviction relief in the state court on December 31, 2008, which he amended on February 19, 2009. *Id.* That motion raised two issues: 1) Petitioner's sentence for aggravated kidnapping violated the proportionate penalties clause; 2) the state failed to prove the secrecy element of aggravated kidnapping. (Doc. 1, p. 4). That petition was denied some time in the spring of 2009. *Id.* Petitioner filed a second petition for post-conviction relief in state court on April 5, 2010 alleging that 1) voir dire was improper; 2) the court failed to admonish Petitioner of his right to file post-trial motions; 3) the prosecution failed to prove secret confinement element of aggravated kidnapping; 4) the prosecution made an improper closing argument; and 5) ineffective assistance of appellate counsel. *Id.* That petition was denied on May 22, 2013. *Id.* Petitioner filed a third petition in the state court on June 10, 2016. (Doc. 1, p. 5). That motion argued the state violated the hearsay exception rule and that the MSR statute was ambiguous at the time of Petitioner's sentence. *Id.* The Court of Appeals denied that petition on November 1, 2016 and rehearing was denied on December 16, 2016. *Id.*

## **The Petition**

Petitioner alleges that his state court conviction was obtained without proof beyond a reasonable doubt that the secrecy element of aggravated kidnapping was met. (Doc. 1, p. 8). Petitioner also argues that the state court judge did not adequately allow him to inquire into the racial biases of the jurors, despite the

fact that Petitioner is a black man accused of committing a crime against a white woman. (Doc. 1, p. 10). Next, Petitioner states that his waiver of counsel was not unequivocal, unambiguous, or voluntary. (Doc. 1, p. 12). Petitioner also believes he is entitled to relief because he alleges the prosecution committed reversible error during summation. (Doc. 1, p. 14). Ground Five alleges that the conviction was obtained in violation of the hearsay exception rule. (Doc. 1, p. 16). Finally, Petitioner's last ground is that a term of supervised release was imposed pursuant to an ambiguous statute that has since been revised. *Id.* Petitioner requests that his conviction be reversed, or in the alternative, that he receive a new trial, or have his sentenced reduced. (Doc. 1, p. 19).

## **Discussion**

Rule 4 of the Rules Governing § 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's allegations raise a colorable inference that his constitutional rights may have been violated. However, there are a number of preliminary issues the Court must address when reviewing a Petition pursuant to § 2254. According to § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). Equitable tolling may be available in appropriate cases, but a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 645-649 (2010) citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland,* 560 U.S. at 652.

Additionally, before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29

(2004); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); see also *O'Sullivan*, 526 U.S. at 848.

There is some indication that the Petition is untimely and/or unexhausted. It appears that Petitioner appealed and filed post-conviction motions continuously until his second post-conviction motion was denied on May 22, 2013, after which he took no further action until 2016. (Doc. 1, p. 4). Even assuming that the 2013 motion for post-conviction relief was timely, the one-year statute of limitations would have expired at the very latest around May 22, 2014. However, Petitioner has also indicated that he filed a subsequent motion for post-conviction relief in 2016, and it appears that some of the issues raised in the Petition were raised there for the first time. (Doc. 1, p. 5). Petitioner states that the 2016 petition is still pending, although he also states that he originally drafted this Petition on February 20, 2017, (Doc. 1, p. 7), and the public records from Madison County indicate that an appeal was terminated in March 2017. There is therefore some ambiguity over whether the 2016 motion for post-conviction relief was still pending at the time the Petition was filed on May 22, 2017, or whether it was properly exhausted. Additionally, without the full state court record, the Court cannot determine if the issues raised in this Petition were properly raised in the 2016 motion for post-conviction relief, raised earlier in Petitioner's other motions

5

and barred by the statute of limitations, or whether there are any other circumstances that would serve to toll the statute of limitations. For these reasons, the Court finds that it would be prudent to order a Response so that it may consider these issues, and any other issues Respondent would like to raise, on a more developed record.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings. Petitioner's two motions "for Production of Documents in Lieu of Amending Petition" are referred to Magistrate Judge Proud for disposition. (Doc. 5) (Doc. 6).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
Signed this 28th day of June, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.06.28
11:33:19 -05'00'

**UNITED STATES DISTRICT JUDGE**