IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO D. FLETCHER-BEY,
Petitioner,

v.  No. 3:17-cv-00543-DRH-CJP

RANDY PFISTER,
Respondent.

# MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Antonio D. Fletcher-Bey was convicted of aggravated kidnapping by a jury in the Circuit Court of Madison County, Illinois, in 2006. He was sentenced to twenty-eight years imprisonment. After pursuing various state court challenges to his conviction, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).

This matter is now before the Court on respondent's Motion to Dismiss or Stay. (Doc. 14). Respondent argues that the petition is time-barred, but suggests a stay may be appropriate because of pending state court proceedings. Petitioner agrees that the case should be stayed. (Doc. 21).

## Grounds Asserted for Habeas Relief

As construed on preliminary review, the petition states the following grounds:

1. The state failed to prove the secrecy element of aggravated kidnapping.

2. The trial judge did not allow petitioner to inquire into possible racial bias during jury selection.

3 Petitioner's waiver of counsel was not unequivocal, unambiguous, or voluntary.

4. The prosecutor committed reversible error during closing argument.

5. The use of a witnesses' prior statement violated hearsay rules.

6. A term of supervised release was imposed pursuant to an ambiguous statute that has since been revised

*See*, Doc. 7.

## State Court Proceedings

Petitioner has filed a number of overlapping challenges to his conviction in state court.

His direct appeal was denied on May 19, 2009. Doc. 15, Ex.1, p. 1.[1] His petition for leave to appeal (PLA) was denied on November 25, 2009. *People v. Fletcher*, No. 109124, 920 N.E.2d 1076 (Table) (Ill. 2009).

While his direct appeal was pending, Fletcher-Bey filed a filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. The trial court dismissed the petition and petitioner appealed. His appeal was denied on October 22, 2010. (Doc. 15, Ex. 1, p. 17.) Respondent represents that no PLA was filed. (Doc. 14, p. 2.)

In April 2010, petitioner filed a postconvicton petition pursuant to 725 ILCS 5/122-1, et. seq. The trial court dismissed the petition, and the Appellate Court affirmed in September 2015. (Doc. 15, Ex. 1, p. 22.) Petitioner's PLA was

---

[1] The Court uses the document and exhibit numbers assigned by the CM/ECF electronic filing system.

denied on January 20, 2016. *People v. Fletcher*, No. 120127, 48 N.E.3d 674 (Table) (Ill. 2016).

Almost five months after the denial of his PLA, Fletcher-Bey filed a second petition for relief from judgment. It was file-stamped on June 10, 2016. (Doc. 15, Ex. 1, p. 28.) However the petition was mailed on June 5, 2016. (Ex. 1, p. 50.) Applying the mailbox rule, *Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012), the petition is deemed to have been filed as of June 5, 2016. The trial court dismissed the petition as untimely on November 1, 2016. (Ex. 1, p. 51.) Petitioner appealed, and his appeal is still pending.

## Applicable Legal Standards

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a

"properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

28 U.S.C. §2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." However, a second or successive petition may be filed asserting certain types of claims that have not been previously presented:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(b)(2).

Before filing a second or successive petition asserting a §2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." §2244(b)(3)(A).

## Analysis

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the judgment became final. In a

criminal case, the judgment is the sentence; the judgment is final and the one-year period begins to run when both the conviction and sentence have become final upon the conclusion of direct review or the expiration of time for seeking direct review. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007).

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief.

Petitioner has filed three applications for postconviction relief in state court. The first two overlapped resolution of his direct appeal and each other, meaning that petitioner had continuous state court challenges pending until the Illinois Supreme Court denied his PLA on his postconviction petition on January 20, 2016. Therefore, the one-year period for fling a federal habeas petition began running on January 21, 2016.

The pending federal habeas petition was not filed until May 22, 2017. The petition was scanned and emailed from Pontiac Correctional Center to this Court on that date. *See*, Doc. 1, p. 1. Petitioner alleges that he placed an earlier habeas petition in the mail at Menard Correctional Center "on or about February 20, 2017" which was "mysteriously lost." (Doc. 1, p. 7.) Even using the earlier date of February 20, 2017, the petition was filed more than one year after the period began running on January 21, 2016. Therefore, the petition was untimely unless the second petition for relief from judgment, mailed on June 5, 2016, served to toll the running of the one-year period.

The second petition for relief from judgment was dismissed by the trial

court as untimely. An application for state collateral review that is untimely under state law is not "properly filed" and does not toll the running of the one-year period. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005).

If state court proceedings were complete here, the Court would have no hesitation in dismissing the habeas petition as untimely. However, dismissal of a federal habeas petition as untimely means that any new federal petition counts as "second or successive" for purposes of 28 U.S.C. § 2244(b). *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Accordingly, if the habeas petition were dismissed as untimely now, petitioner may be precluded from filing another federal habeas petition no matter how the state court ultimately rules on his appeal.

It is possible that the Appellate Court will rule in petitioner's favor and reverse the dismissal of his second petition for relief from judgment. If that happens, petitioner would have an argument that his federal petition was timely because the filing of the second petition tolled the running of the one-year period. Therefore, it is appropriate to stay the habeas petition pending the outcome of state court proceedings.

## Conclusion

Respondent's Motion to Dismiss or Stay **(Doc. 14)** is **DENIED IN PART and GRANTED IN PART.** The motion is denied without prejudice insofar as it seeks dismissal of the petition. The motion is granted as to the request to stay.

This action is ordered **STAYED** pending the outcome of state court proceedings.

The parties are ordered to file a status report by May 1, 2018, and to notify the Court promptly should the Appellate Court rule on petitioner's appeal before then.

**IT IS SO ORDERED.**

Signed this 6th day of November, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.11.06 16:31:57 -06'00'

**UNITED STATES DISTRICT JUDGE**